IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 07-20973-CR-ALTONAGA

UNITED STATES OF AMERICA

        Plaintiff,

VS.

EVELIO CERVANTES CONDE,

        Defendant.

_____

**MOTION IN LIMINE TO EXCLUDE INADMISSIBLE 404(b) EVIDENCE**

Evelio Cervantes Conde, through counsel, hereby moves *in limine* to exclude inadmissible 404(b) evidence, and in support thereof states:

**I.**

**FACTS**

1. Evelio Cervantes Conde is charged in a multi co-defendant indictment and is alleged to have violated multiple criminal statutes including 21 U.S.C. §§ 841(a)(1) & 846(a)(1).

2. Specifically, he is charged with conspiring with two co-defendants to possess a controlled substance and on November 28, 2007, attempting to obtain a controlled substance. In each count it is alleged that the violation involved more than five kilograms of cocaine.

3. The government intends to offer evidence that on December 29, 2005, Mr. Conde and co-defendant Marin were stopped by law enforcement officers in Texas after flying from Florida to Texas on one-way tickets while in possession of a large amount of United States

currency that was seized by law enforcement officers. *See* Government's Response to Standing Discovery Order, at H (3).[1] The government will present this evidence through the testimony of the law enforcement officers directly involved with the seizure of the currency. *Id.*

## II.

## MEMORANDUM OF LAW

Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts in not admissible to prove the character of a person in order to show action in conformity therewith on a particular occasion. *See* Fed. R. Evid. 404(b). It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.*

To be admissible, 404 (b) evidence must (1) be relevant to one of the enumerated issues and not to the defendant's character; (2) the prior act must be proved sufficiently to permit a jury determination that the defendant committed the act; and (3) the evidence's probative value cannot be substantially outweighed by its undue prejudice, and the evidence must satisfy Rule 403. *United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000). Each of the cases below explain why the Court should exclude the government's proposed evidence at trial.

In *United States v. Marshall*, 173 F.3d 1312 (11th Cir. 1999), the defendants were

---

[1] The government has not provided defense counsel with any additional details, including - exactly how much money Mr. Conde and co-defendant Marin were carrying, where the money was seized from them, the circumstances surrounding the search and seizure, whether the money was returned to them, and what statements, if any, either of the men provided to law enforcement. Mr. Conde requests that this information be provided to him consistent with the rules of discovery.

convicted of multiple drug charges relating to crack cocaine. *Id*. at 1313. Two of the defendants were previously arrested for drug charges while in a house with crack production paraphernalia and large amounts of cash. They also gave false names at the time of their arrest *Id*. at 1317. The court found that men were convicted of crimes that required a "proof of intent." *Id*. In other words, even "*assuming the defendants had possession of crack cocaine, the government had to prove that the defendants intended to distribute the crack to other person*." *Id*. (emphasis added). The court found "[t]he evidence of the arrest was insufficient to prove commission of the offense" and that the "prior arrest was not probative of intent." *Id*. Thus, the district court abused its discretion in admitting the evidence. *Id*. The court went on to state that the evidence was impermissible character evidence because the jury could conclude that by cavorting with drug dealers and lying to police about their identity might extend to drug dealing. *Id*. at 1317-18. As a result, the court vacated the defendants' convictions. *Id*. at 1318.

In *United States v. Hubert*, 138 F.3d 912 (11th Cir. 1998), the defendant was found guilty of various drug crimes. The district court allowed in evidence from witnesses of the defendant's prior drug dealings where he supplied cocaine and sold marijuana. *Id*. at 914. The government argued that the prior drug dealings were necessary to explain the relationship between the two co-defendants and to explain the circumstances of the charged crimes. *Id*. The defense argued that there was *no dispute about the friendly relationship between the co-defendants* and that the government did not use the elicited testimony to explain the circumstances of the charged crimes but rather to show that the defendant possessed a criminal character or otherwise had a propensity to commit the crime with which he was charged. *Id*. (emphasis added). The court

agreed with defense counsel, holding that the testimony was not necessary because the defendant had not "taken the stand" at the time the evidence was offered and "had no value except to prove criminal disposition in violation of the Federal Rule of Evidence 404(b)." *Id*. Accordingly, the court concluded that the introduction of the testimony an abuse of discretion. *Id*.

In two non-drug cases, the Eleventh Circuit concluded that the district court abused its discretion by allowing evidence under Rule 404(b). In *United States v. Chavez*, 204 F.3d 1305 (11th Cir. 2000), the defendant was convicted of the assault of his wife while on a United States Air Force base. *Id*. at 1309. The evidence included testimony that he choked, grabbed, slapped and hit his wife. *Id*. The court found that evidence of prior arrests for assault of his wife bore no reasonable relationships to any of the issues at trial, and held that the district court erred by admitting this evidence. *Id*. 1317 (holding that "the evidence of [the defendant's] prior assaults on his wife was offered to demonstrate bad character, and should, therefore, not have been admitted.").

In *United States v. Mills*, 138 F.3d 928 (11th Cir. 1998), the defendant was convicted of making false statements, and several counts of fraud. *Id*. at 930. The government introduced evidence that the defendant had previously lied to U.S. Customs agents concerning a jewelry purchase when returning to the United States from overseas travel. *Id*. at 935. In rejecting the district court's reasoning that it showed the defendant's "propensity" to lie, the court held that this is precisely what is forbidden by Rule 404(b), that is, propensity evidence. *Id*.

In this case, the government is seeking to do what these cases prohibit, to introduce "propensity evidence" and to establish Mr. Conde's bad character. The fact that Mr. Conde may

have been arrested with a large sum of cash two years ago in a different state does not demonstrate that he had the "intent" or "plan" to distribute more than 5 kilograms of cocaine in 2007 in Miami, Florida. As in *Chavez*, Mr. Conde's arrest in Texas bears "no reasonable relationship" to his arrest in the home of co-defendant Morales several years later.

Like *Marshall*, even assuming Mr. Conde possessed a large sum of cash several years ago, there is no evidence that it was related to drug dealing. There are many reasons people travel with cash and that fact alone, without more, amounts to slinging mud on Mr. Conde with the hopes to convict him of conspiring to distribute cocaine. Moreover, like *Hubert*, Mr. Conde does not dispute that he knows co-defendant Marin, and will not present such a defense at trial. 138 F.3d at 914.

Finally, to the extent the Court finds the government's proposed evidence to have any probative value, it is substantially outweighed by its undue prejudice. There is no question that a jury will likely conclude because Mr. Conde was previously arrested with Mr. Marin, and previously possessed a large amount of cash, that he must be guilty of the alleged crime here. In sum, the only purpose of the government introducing this evidence at trial is to demonstrate bad character, and therefore it must be excluded.

WHEREFORE, Mr. Conde respectfully requests that his motion be granted, and the government's 404(b) evidence be excluded during trial.

    Respectfully submitted,

    /s/ Marc David Seitles

    _____
    Marc David Seitles
    Fla. Bar No. 0178284

The Law Offices of Marc David Seitles, P.A.
Alfred I. duPont Building
169 East Flagler Street, Suite 1200
Miami, FL 33131
Tel: (305) 379-6667
Fax: (305) 379-6668
Email: mseitles@seitleslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2008, undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to: Assistant United States Attorney Sean Cronin.

/s/ Marc David Seitles
_____
Marc David Seitles, Esq.